IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM M. GILROY, by and through his NEXT FRIEND, M. NOILANI MASON,<br><br>        Petitioner,<br><br>    vs.<br><br>THE KONA COMMUNITY HOSPITAL BEHAVIORAL HEALTH AUTHORITIES, RICHARD MCDOWELL, STATE OF HAWAII DEP'T OF HEALTH,<br><br>        Respondents. | CIV. NO. 19-00554 DKW-RT<br><br>ORDER DISMISSING PETITION AND DENYING A CERTIFICATE OF APPEALABILITY |

Before the court is Petitioner William M. Gilroy's ("Petitioner") Petition for Writ of Habeas Corpus, brought by and through his fiancee, M. Noilani Mason ("Mason"), as putative "Next Friend." *See* Pet., ECF No. 1.[1] Respondent the State of Hawaii Department of Health ("DOH") has filed a Response to the Petition. ECF No. 19.

For the following reasons, the Petition is DISMISSED for lack of jurisdiction, and this action is terminated. Any request for a certificate of appealability is DENIED.

---

[1] The Court refers to the numbering and pagination assigned to filed documents by the Federal Judiciary's electronic case management system (CM/ECF).

# I. BACKGROUND[2]

On November 21, 2018, Petitioner was charged with twenty-nine counts of the Unauthorized Practice Of Law in *State v. Gilroy*, 3CPC-18-1-0000893 (Haw. 3d Cir. Ct.), pursuant to Hawaii Revised Statutes ("HRS") §§ 605-14, 605-15, and 605-17. Response to Pet., ECF No. 19 at 119.

On July 10, 2019, the Circuit Court of the Third Circuit ("circuit court") referred Petitioner to the Adult Client Services Branch of the Department of Health ("DOH") for a mental health examination and determination of fitness to proceed in 3CPC-18-1-0000893, pursuant to Haw. R. Stats. § 704-404.

On September 18, 2019, after the completion of Petitioner's mental health examination and based on that report, the circuit court found Petitioner unfit to proceed to trial and suspended the proceedings in 3CPC-18-1-0000893. *See* Resp't Ex. A, ECF No. 19-1 ("Order Finding Defendant Unfit to Proceed, Suspending Proceedings, Committing Defendant to the Custody of the Director of Health, for Placement Pending Transport and for Transport"). The circuit court committed Petitioner to the custody of the DOH for 120 days for appropriate placement and

---

[2]These facts are taken from the Petition, Response, and public state court records in *State v. Gilroy*, 3CPC-18-1-0000893 (Haw. 3d Cir. Ct.) *See* Fed. R. Evid. 201(b); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."); *see also* eCourt Kokua, http://www.courts.state.hi.us/.(last visited Jan. 6, 2020).

care and ordered that, if Petitioner did not regain fitness to proceed within that period, the criminal charges in 3CPC-18-1-0000893 would be dismissed and Petitioner will be "released from custody." *Id.* at 124. Petitioner has been committed to the Kona Community Hospital's Behavioral Health Unit ("BHU"), also known as Kalani Ola, since that time. His 120-day commitment expires on January 16, 2020.

On October 11, 2019, Mason filed the Petition seeking Petitioner's release from the BHU. ECF No. 1. Mason alleges that Petitioner is being held in violation of the United States Constitution because his ability to use the telephone and receive visitors is limited and subject to approval by BHU medical staff. Mason states that Petitioner has invoked his Fifth Amendment right against self-incrimination and has refused to speak with BHU psychiatrist Michael McGrath, M.D. Since filing the Petition, Mason *and* Petitioner have filed nine supplemental documents, several of which are signed and written by Petitioner, not Mason.[3]

DOH filed a Response on January 3, 2020. ECF No. 19. DOH argues that (1) Mason may not proceed as Petitioner's next friend because she is neither an

---

[3]*See* ECF Nos. 6 (Suppl., signed by Mason); 8 (Witness testimony, no signature); 12 (Pet'r signed statement); 13-14 (Suppls., signed by Mason); 15 (Suppl., signed by Pet'r); 16-18 (Pet'rs signed Affs.).

attorney nor Petitioner's legally recognized representative or guardian; and (2) the Petition fails to allege any colorable ground for relief.

## II. **STANDARD OF REVIEW**

The Court may entertain a petition for writ of habeas corpus from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Because Petitioner has not been convicted and is not in custody pursuant to a state court judgment, the Court construes the Petition as brought pursuant to 28 U.S.C. § 2241. *See Hoyle v. Ada Cty.*, 501 F.3d 1053, 1058 (9th Cir. 2007) (holding § 2241 is the appropriate vehicle for pretrial detainee's challenge to detention); *Stow v. Murashige*, 389 F.3d 880, 882-83, 886-88 (9th Cir. 2004) (allowing pretrial detainee challenging retrial to proceed under § 2241). Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a).

Rule 4 of the Rules Governing Section 2254 Cases, which applies to habeas petitions brought pursuant to 28 U.S.C. § 2241,[4] requires the court to summarily dismiss a habeas petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

### III. "NEXT FRIEND" STANDING DOCTRINE

The next friend standing doctrine permits persons who are unable to prosecute their own action to have third persons—"next friends"—stand in for them and is expressly authorized by the federal habeas corpus statute.[5] While § 2242 does not provide explicit guidelines or requirements for asserting next friend standing, the Supreme Court established such standards in *Whitmore v. Arkansas*, 495 U.S. 149 (1990). *Whitmore* did not involve an assertion of next friend standing in a habeas petition. However, the Court recognized the federal common-law next friend standing doctrine by stating that it is "no broader than what is permitted by the habeas corpus statute." *Id.* at 163-64.

Under *Whitmore*, a party asserting next friend standing in a habeas action must establish that (1) they are "truly dedicated" to the Petitioner's best interest;

---

[4]*See* Rule 1(b) of the Rules Governing § 2254 Cases.

[5]*See* 28 U.S.C. § 2242 (2000) ("Applications for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting on his behalf.").

(2) that they have a "significant relationship" with the Petitioner;[6] and (3) that there is an adequate explanation—such as inaccessibility, mental infirmity, or other disability—why the Petitioner cannot appear on his own behalf. *Id.* at 163-64. When a habeas petition is brought by an individual who lacks standing to proceed as next friend of the petitioner, the federal court lacks jurisdiction over the action. *See id.* at 166. And, even if *Whitmore's* requirements are met, a next friend may not proceed with a habeas action on behalf of another without an attorney, because a non-attorney has no authority to appear on behalf of anyone else. *See United States v. French*, 748 F.3d 922, 933 (9th Cir. 2014) (noting "well-settled rule against lay representation"); *Johns v. Cty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("a non-lawyer has no authority to appear as an attorney for others"); *Abdul-Ali ex rel. Stevenson v. California*, 2019 WL 7284942, at *3 (C.D. Cal. Dec. 27, 2019); *Randolph v. Nevada ex rel. Nevada Dept. of Corr.*, 2014 WL 3725853, at *3 (D. Nev. July 24, 2014).

Even accepting that Mason's status as Petitioner's fiancee is a significant relationship, that she is truly dedicated to Petitioner's best interests, and that the circuit court's determination that Petitioner is mentally unfit to proceed in his

---

[6]*See Coalition of Clergy v. Bush*, 310 F.3d 1153 at 1162 (9th Cir. 2002) (holding that the *Whitmore* test should be understood to require a significant relationship between the would-be next friend and the real party in interest).

criminal proceedings is sufficient to show that he has a mental infirmity preventing him from representing his own interests, Mason cannot act as Petitioner's next friend to prosecute this habeas action because she does not allege that she is an attorney authorized to practice law in any court, nor has an attorney appeared with Mason on Petitioner's behalf.  As such, the Court lacks jurisdiction to consider the Petition, and it must be dismissed.

## IV.  <u>CONCLUSION</u>

The Petition is DISMISSED for lack of jurisdiction.  Any request for a certificate of appealability is DENIED, as Petitioner has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED: January 9, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---------------------------------------------------------------------------------------------------
<u>William Gilroy v. The Kona Community Hospital Behavioral Health Authorities, et al</u>; Civil No. 19-00554 DKW-RT; **ORDER DISMISSING PETITION AND DENYING A CERTIFICATE OF APPEALABILITY**

*Gilroy v. The Kona Comty. Hospital Behavioral Health Authorities,* No. 1:19-cv-00554 DKW-WRP; habeas '20/ Gilroy 19-554 (dsm lack J no next friend stndg).